Argued and submitted October 13, 2009, in A138472, petition for judicial review dismissed as moot, in A140416, OAR 330-160-0030 held valid October 20, 2010

## INDUSTRIAL CUSTOMERS OF NORTHWEST UTILITIES,
an Oregon non-profit corporation,
*Petitioner,*

*v.*

## OREGON DEPARTMENT OF ENERGY,
*Respondent.*

Agency/Board/Other
330-150-0030, 330-160-0030
A138472 (Control); A140416

241 P3d 352

Melinda J. Davison argued the cause for petitioner. With her on the brief was Davison Van Cleve, P.C. With her on the reply brief were Jesse E. Cowell and Davison Van Cleve, P.C.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Erika Hadlock, Acting Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

Pursuant to ORS 183.400(1), petitioner challenges the validity of OAR 330-160-0030, a rule adopted by the Oregon Department of Energy (ODOE) that establishes a system of renewable energy certificates for utilities. Petitioner filed two rule challenges, A138472 for OAR 330-150-0030 and A140416 for OAR 330-160-0030, that are consolidated here. ODOE repealed the first rule, OAR 330-150-0030, after failing to file it as a final rule in a timely manner. ODOE then adopted the virtually identical rule, OAR 330-160-0030. We now dismiss the first rule challenge, A138472, as moot, and proceed to address A140416.

OAR 330-160-0030 provides that "qualifying electricity" that may be used for renewable energy certificates must be generated on or after January 1, 2007; energy generated before January 1, 2007, may not be used.[1] Petitioner asserts that ODOE exceeded its statutory authority because, in petitioner's view, ORS 469A.020(1) allows for "qualifying electricity" generated by facilities that were operational on or after January 1, 1995. We conclude that the rule is valid.

We may invalidate a rule only if we find that, in adopting the rule, the agency violated the constitution, exceeded its statutory authority, or failed to comply with applicable rulemaking procedures. ORS 183.400(4). Here, petitioners argue only that ODOE exceeded its statutory authority. When we examine whether an agency exceeded its statutory authority, our record on review "consists of two things only: the wording of the rule itself (read in context)

---

[1] OAR 330-160-0030 provides:

"(1) The system of renewable energy certificates established through this rule may be used to comply with or participate in the Oregon RPS through the use of Certificates with a vintage of January 2007 or later.

"(2) No renewable energy certificate that derives from the WREGIS renewable energy certificate system with a vintage before January 2007 will be eligible for compliance with the Oregon RPS.

"(3) Banked renewable energy certificates with a vintage of January 2007 or later, both bundled and unbundled, may be held for future use within the WREGIS renewable energy certificate system to comply with the Oregon RPS.

"(4) Generating facilities that produce qualifying electricity shall be eligible to receive certificates associated with generation beginning on January 1, 2007."

and the statutory provisions authorizing the rule." *Wolf v. Oregon Lottery Commission*, 344 Or 345, 355, 182 P3d 180 (2008) (citing ORS 183.400(3)). We consider whether the agency's adoption of the rule exceeded the authority granted by statute and, further, whether the agency "departed from a legal standard expressed or implied in the particular law being administered, or contravened some other applicable statute." *Friends of Columbia Gorge v. Columbia River*, 346 Or 366, 377, 213 P3d 1164 (2009) (quoting *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 565, 687 P2d 785 (1984) (internal quotation marks omitted)). "The question in determining if a rule exceeds statutory authority is whether the rule corresponds to the statutory policy as we understand it." *Managed Healthcare Northwest v. DCBS*, 338 Or 92, 96, 106 P3d 624 (2005) (quoting *Planned Parenthood Assn.*, 297 Or at 573 (internal quotation marks and brackets omitted)). In order to determine legislative intent, we examine the text and context of the statute along with legislative history offered by the parties that "may be used to confirm seemingly plain meaning and even to illuminate it * * *." *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009).

■ We begin with the pertinent statutes, which were enacted as part of the Oregon Renewable Energy Act, Senate Bill (SB) 838 (2007). The purpose identified in that act was

"to promote research and development of new renewable energy sources * * *[,] to decrease * * * reliance on fossil fuels * * *[,] and to increase * * * use of renewable energy sources [and] accelerate the transition to a more reliable and more affordable energy system[.]"

Or Laws 2007, ch 301, relating clause. ORS 469A.130(1) then provides that ODOE

"shall establish a system of renewable energy certificates that can be used by an electric utility or electricity service supplier to establish compliance with the applicable renewable portfolio standard. * * * The department may allow use of renewable energy certificates that are issued, monitored, accounted for or transferred by or through a regional system or trading program, including but not limited to the Western Renewable Energy Generation Information System [WREGIS]."

The legislature identified "qualifying electricity" for a renewable energy certificate as, among other things, "electricity generated from a renewable energy source [that] may be used to comply with a renewable portfolio standard only if the facility that generates the electricity meets the requirements of ORS 469A.020." ORS 469A.010; *see also* ORS 469A.005(9) (" 'Qualifying electricity' means electricity described in ORS 469A.010."). ORS 469A.020 (2007)[2] further explained that "electricity may be used * * * only if the electricity is generated *by a facility that becomes operational* on or after January 1, 1995." (Emphasis added.)

Petitioner argues that the statutes identify "qualifying electricity" as all electricity generated by a renewable energy facility that began operations on or after January 1, 1995, meaning that all electricity generated by such a facility since January 1, 1995, necessarily qualifies for renewable energy certificates. It contends that the legislative history of ORS 469A.010 and ORS 469A.020 demonstrates an intent that both qualifying electricity and renewable facilities use the January 1, 1995, date.[3] Additionally, petitioner argues

[2] The legislature amended ORS 469A.020 in 2010. Or Laws 2010, ch 17, §§ 1-2; Or Laws 2010, ch 71, § 1. Those amendments do not affect our analysis of this case.

[3] Petitioner cites the following Senate and House floor testimony:

"[The] goal of [SB 838] is to be looking forward and to start developing new types of resources that we don't currently have as viable industries. And in order to do that you draw a line at some point in the past and take everything forward."

Testimony, Senate Floor Proceeding, SB 838, Apr 10, 2007, Tape 70, Side A (statement of Sen Brad Avakian in response to question from Sen Larry George, "What was the purpose of excluding pre-1995 projects?").

"[SB] 838 is about where we want to go, not where we've been. And we need to ensure that utilities are making investments in new renewable facilities, not taking credit for investments that are 20, 30, 40 years old. The Governor's Renewable Energy Workgroup—which I served as a member and I know you attended many of those meetings—settled on the 1995 date as a good compromise between recognizing utilities like the Eugene Water and Electric Board that were early in investing in renewable energy without going back so far as to defeat the purpose of having the renewable portfolio standard in place. No matter where you draw the line, it's a somewhat arbitrary choice and there will always be projects on the other side of it. It's unfortunate that we can't accommodate everyone, but it's also a fairer policy than starting the clock at an effective date of this act when many Oregon utilities have been investing in renewable energy already."

Testimony, House Floor Proceeding, SB 838, May 23, 2007, Tape 130, Side A (statement of Rep Jackie Dingfelder in response to question from Rep Chuck Burley, "Why is the date for qualifying facilities in the bill January 1, 1995?").

that the legislature merely granted ODOE authority to develop a system for tracking renewable energy certificates and that ODOE exceeded that authority when it "redefined" the term "qualifying electricity" as limited to energy generated after January 1, 2007. We disagree.

The statutes unambiguously provide that the 1995 date applies to the operational age of the facility, not, as petitioners contend, to the generation date of the electricity itself. The legislature provided a time requirement for only the facility operational date; the statutes are silent regarding when the electricity must be generated by a qualifying facility. ORS 469A.020(1) ("electricity may be used * * * only if the electricity is generated *by a facility that becomes operational* on or after January 1, 1995" (emphasis added)). Nor does the legislative history support petitioner's argument that the 1995 date applies both to the age of the facility and to the date of electricity generation. The cited history specifically references facilities, not generation, and further discusses "looking forward" to "where we want to go, not where we've been." Testimony, House Floor Proceeding, SB 838, May 23, 2007, Tape 130, Side A (statement of Rep Jackie Dingfelder). A facility, when completed and operational, is expected to generate energy for years into the future. The text of the applicable statutes is clear and unambiguous, and petitioner has failed to persuade us that it means something other than what the text plainly states. *See Gaines*, 346 Or at 172. We may not insert what the legislature omitted nor omit what the legislature inserted. ORS 174.010. Petitioner's interpretation would require us to omit the text "by a facility that becomes operational" from ORS 469A.020(1), something we cannot do.

The legislature did not identify a generation date for "qualifying electricity," but it delegated to ODOE the task of "establish[ing] a system of renewable energy certificates that can be used by an electric utility or electricity service supplier to establish compliance with the applicable renewable portfolio standard." ORS 469A.130(1). ODOE's adoption of a rule that only energy generated "with a vintage of January 2007 or later" may qualify for renewable energy certificates was

consistent with that delegation. Accordingly, OAR 330-160-0030 is valid.

In A138472, petition for judicial review dismissed as moot; in A140416, OAR 330-160-0030 held valid.